IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BERNERD JACQUES, )
)
    Plaintiff, )
)
v. ) No. _____
)
) **Jury Trial Demand**
)
KNOX COUNTY SCHOOLS, )
)
    Defendant. )
)

## COMPLAINT

The Plaintiff, **BERNERD JACQUES**, appears by and through counsel and sues the Defendant, **KNOX COUNTY SCHOOLS**, and would show this Honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Bernerd Jacques, resides in Corryton, Tennessee, and thus resides in the Eastern District of Tennessee and this is the district where all his claims arose. Plaintiff is 63-years-old. Plaintiff was employed by Knox County Schools for approximately two years until his wrongful termination based on retaliation and/or age discrimination on or about May 27, 2011 after he complained about and reported comments by his school principal he believed to be racially biased.

2. Defendant, Knox County, Tennessee dba Knox County Schools, is a governmental entity in Knox County, Tennessee, in the Eastern District of Tennessee. At all pertinent times, Plaintiff was employed by Defendant, Knox County Schools, in Knox County,

1

Tennessee. Defendant, Knox County Schools, may be served with process by serving Dr. James P. McIntyre, Jr., Knox County Schools Superintendent, 912 S. Gay Street, Knoxville, TN 37901.

3. All acts and occurrences complained of occurred in the Eastern District of Tennessee.

4. This is a civil action brought pursuant to the Civil Rights Act of 1964, § 701, et al., as amended, 42 U.S.C. § 2000e, et seq.; and other state and federal laws as set out herein. In this action, Plaintiff seeks compensatory damages, attorney fees, and all other relief as law and in equity allowed.

5. Jurisdiction of the Court is predicated upon 28 U.S.C. 1331 (Federal Question) and 1343 (Civil Rights) and 42 U.S.C. 2000e-5 and 28 U.S.C. § 1367 (pendent).

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 predicated upon the aforesaid residence and principle place of Plaintiff and Defendants.

7. The amount in controversy herein exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

8. Plaintiff has complied with the requirements set forth in 29 C.F.R. 1601.13; 42 U.S.C. 2000e-(c) and 42 U.S.C. 2000e-5(f). The EEOC mailed Plaintiff a right to sue letter on April 30, 2013. Exhibit A hereto.

## FACTUAL ALLEGATIONS

9. As an employer, Defendants owed Plaintiff a duty pursuant to 42 U.S.C. § 2000e, et seq.

a. Not to limit, segregate or classify Plaintiff in a way that deprived or intended to deprive him of an employment opportunity or otherwise adversely affect his status because of his age or because of race.

b. Not to cause and/or condone age or race discrimination or harassment.

c. Not to develop or implement a plan or course of action to intimidate and harass employees over age 40 or due to race.

d. Not to develop or implement a procedure that has the effect of intimidating employees over age 40 or due to their complaining about age or race discrimination.

e. Not to develop or implement a procedure or course of action to retaliate against employees due to their age of over age 40 or due to race from opposing or complaining of harassment, age/race discrimination or other violations of law.

That during the tenure of Plaintiff's employment with the Defendant, he was victimized by Defendant and/or its agents and employees in the following manners:

f. Terms of employment were not equal with employment terms for similarly situated employees under age 40;

g. Subjected to unwelcome treatment, directly and indirectly, because of his age;

h. Subjected to ageist / racist comments, statements, inferences, gestures, and other conduct.

i. Subjected to disparate work assignments and other actions by Defendant, including more performance evaluations than other teachers were subjected to

for the purpose of building a file with falsified negative evaluations for use as the basis for ending Plaintiff's employment with Defendant.

    j. Subjected to harassing, hostile, retaliatory and intimidating employment environment based upon conduct set forth in the preceding paragraphs directed toward Plaintiff;

    k. Subjected to other forms of harassment/age discrimination/retaliation, which may be revealed throughout the course of litigation;

10. Plaintiff incorporates by reference the averments of previous paragraphs of this Complaint as if fully set forth in each of the following cause of action.

11. That Plaintiff is a member of protected classes by virtue of his age (63), as well as resulting from his having made complaints of unlawful actions to the Knox County Schools; and therefore is entitled to the protections afforded by the aforesaid federal and state statutory provisions.

12. That neither Plaintiff's age or race was a term, requirement or condition of employment with the Defendants nor did his age or race affect his job performance.

13. That Defendant, currently and at all relevant times during Plaintiff's employment, had twenty or more employees.

14. Accordingly, Defendant, Knox County Schools, at all times pertinent hereto was an employer with the meaning of 42 U.S.C. 2000e, et seq. as well as subject to any public policies of the State of Tennessee relative to age, race, sex or gender discrimination and retaliation.

4

Case 3:13-cv-00439-TAV-CCS   Document 1   Filed 07/26/13   Page 4 of 15   PageID #: 4

15. That as a result of its status as an "employer," Defendant at all times owed a duty to the Plaintiff pursuant thereto not to discriminate or harass based upon age, race, sex or gender, with respect to employment, compensation, terms or other conditions and privileges of employment.

16. That as a result of its status as an "employer," Defendants at all times owed a duty to the Plaintiff pursuant thereto not to condone or otherwise take retaliatory actions for opposition to such discriminatory conduct.

17. Plaintiff specifically alleges that when he reported what he believed to be racially biased and discriminatory comments made by his Knox County Schools principal Aldridge to both the Knox County Schools (to Nancy Maland) and to the EEOC, the Knox County Schools which never responded to Plaintiff's concern, instead, thereafter retaliated against Plaintiff with negative performance evaluations and, thereafter, termination of his employment with Knox County Schools and refusal to renew his contract.

18. Plaintiff further alleges that after retaliating against him and taking the adverse employment action which terminated his employment with the Knox County Schools, Defendant Knox County Schools articulated one or more false "reasons" for his termination of employment which were "Pretext" and not the true discriminatory and retaliatory motivational reasons for their illegal actions against Plaintiff.

19. That Defendant articulated as its rationale that Plaintiff failed to meet the required teaching standards.

20. That the State of Tennessee evaluated Plaintiff's teaching effectiveness and deemed him at or above the required standards. Therefore, Plaintiff alleges Defendant's articulated rationale for the termination was pretext.

21. That Defendant Knox County Schools is responsible for all acts committed by its officers, managers, agents, supervisors and employees while acting within the scope of their employment.

22. Defendant, through its employees, including its supervisors and managers, exercised control over the terms and conditions of those persons employed at the Knox County Schools, including, but not limited to, Plaintiff.

23. There was a severe and pervasive ageist discriminatory hostile work environment at Defendant Knox County Schools.

24. Some of the severe and pervasive continuing age discrimination and retaliation in the Defendants' totality workplace which **humiliated, embarrassed, degraded** and otherwise harmed Plaintiff include:

   a. Principal Ashley Aldridge, Plaintiff's immediate supervisor, made racially derogatory and demeaning comments about minority students of color stating " we must care for our brown children."

   b. Principal Ashley Aldridge called Plaintiff old-fashioned.

   c. Principal Ashley Aldridge told Plaintiff we don't do things like that anymore.

   d. Principal Ashley Aldridge told Plaintiff things are not the same as back when you were in school.

   e. Principal Ashley Aldridge told Plaintiff your teaching methods are outdated.

  f.  Principal Ashley Aldridge told Plaintiff you have old fashioned teaching methods.

  g.  The abusive, humiliating, embarrassing hostile workplace made it difficult for Plaintiff to do his job and interfered with the terms and conditions of his employment with the Knox County Schools.

25. The Defendant harassed Plaintiff because of Plaintiff's age.

26. The Defendant also harassed, retaliated and discriminated against Plaintiff because of his complaint about the use of racially derogatory and demeaning comments by Principal Ashley Aldridge about minority students of color which Plaintiff reported to Knox Schools' management and the EEOC. She never made comments in the presence of minority students or minority staff.

27. The Defendant failed to take prompt, corrective and remedial measures to stop the harassment and correct the hostile environment.

28. Plaintiff reported the age bias comments and behavior two separate times, both of which were ignored by Defendant. First to Nancy Maland in a Principals evaluation (December 2010). Second, to Christine Williams in an email dated February 6, 2011. These reports were *before* Defendant thereafter terminated his employment.

29. The Defendant thereafter retaliated against Plaintiff for being a "whistle blower" first by putting him under heightened scrutiny, then by giving him multiple bad performance evaluations in retaliation for his whistle-blowing, finally by terminating his employment and denying him tenure.

7

Case 3:13-cv-00439-TAV-CCS   Document 1   Filed 07/26/13   Page 7 of 15   PageID #: 7

30. Defendant Knox County Schools was aware of the age discrimination and condoned it.

31. Defendant had a duty to maintain a safe working environment for its employees and to supervise its employees and correct and discipline employees who harass other employees, thereby making the work environment unsafe.

32. Defendant breached that duty and the work environment became unsafe for Plaintiff.

33. As a direct and proximate cause and result of Defendant's breach, Plaintiff suffered economic and personal harm, including severe mental distress.

34. The Plaintiff has sustained severe emotional distress and mental anguish as the direct result of the discriminating harassing hostile work environment and retaliation by the Defendants. Plaintiff was humiliated and embarrassed.

35. Plaintiff incorporates by reference the averments of all previous paragraphs of this Complaint, as if set forth in each of the following causes of action.

## COUNT ONE

### Age & Race Discrimination and hostile work environment in violation of Title VII and the ADEA.

36. Defendant, Knox County Schools, is liable to Plaintiff for compensatory damages for age, race, discrimination and hostile work environment, as further set forth in this Complaint.

## COUNT TWO

### Statutory (Title VII, ADEA) and Retaliation

37. Defendant, Knox County Schools, is liable to Plaintiff for compensatory damages for retaliation, as further set forth in this Complaint.

## COUNT THREE

### Outrageous Conduct

38. Plaintiff avers that Defendant, Knox County Schools, participated in and engaged in a pattern of conduct for an extensive period of time that was so outrageous, extreme and shocking to the conscience that it is not to be tolerated in a civilized society.

39. Plaintiff avers that this Defendant acted with intent to cause serious and severe emotional injuries to Plaintiff, and with reckless disregard of the consequences of its conduct.

40. Plaintiff avers that Defendant had first-hand knowledge of the outrageous, extreme and shocking conduct against Plaintiff and failed to take immediate action to stop it and prevent harassment from recurring in the future.

41. Plaintiff avers that the extreme and outrageous conduct of the Defendant was a proximate cause of Plaintiff's damages, including, but not limited to, serious and severe mental and emotional distress, as further set forth in this Complaint.

## COUNT FOUR

### Negligence

42. Defendant, Knox County Schools, is liable to Plaintiff for compensatory damages for negligence, as further set forth in this Complaint. Said negligence includes, but is not limited to negligent supervision and negligent retention of Principal Ashley Aldridge.

## COUNT FIVE

### Wrongful Termination

43. Defendant, Knox County Schools, is liable to Plaintiff for compensatory damages for wrongful termination, as further set forth in this Complaint.

## DAMAGES

44. Plaintiff adopts by reference all preceding paragraphs as though fully restated.

45. As a direct and proximate result of Defendant's unlawful employment practices and tortuous acts, Plaintiff has lost and will continue to lose substantial income including, but not limited to, wages and fringe benefits, as such Plaintiff requests an award of back and front pay as determined by the proofs.

46. As a further direct and proximate result of Defendant's unlawful employment practices and tortuous acts, Plaintiff has suffered the indignity of harassment and discrimination, severe humiliation, loss of professional standing and status in the community, irreparable harm to his reputation and an invasion of his rights to be free from harassment, discrimination and retaliation. Plaintiff requests an award commensurate with the proofs.

47. As a further direct ad proximate result of Defendant's unlawful employment practices and tortuous acts, Plaintiff has suffered personal injuries including, but not limited to, extreme and severe mental anguish, outrage, severe anxiety about his future and his ability to support himself at the same level as before the adverse employment action against him, harm to his employability and earning capacity, embarrassment among friends and co-workers, undermining of self-esteem and motivation.

**WHEREFORE**, Plaintiff prays as follows:

1. Order Defendant to reimburse Plaintiff for all back pay and fringe benefits lost to date, with interest, along with damages for humiliation, embarrassment, pain and suffering and other damages allowed by law, to render him whole from Defendant's unlawful acts commensurate with the proofs in this matter;

2. Award Plaintiff the costs of litigation, including reasonable attorney fees and witness fees, and all other allowable litigation expenses pursuant to 42 U.S.C. § 2000e, et seq. and the ADEA.

3. Enter judgment against Defendant in the amount of Seven Hundred Fifty Thousand Dollars **($750,000.00)** compensatory damages.

4. Award Plaintiff front pay in the amount of $218,862.70 (five times the amount of annual wages Knox County Schools reported to TCRS regarding Plaintiff's annual salary).

5. Grant whatever additional at law and in equity relief appropriate and just, including front pay.

PLAINTIFF DEMANDS A JURY TO TRY ALL ISSUES.

11

## OATH

I, BERNERD JACQUES, hereby make oath that I have read the foregoing Complaint and that the contents of the same are true this 23rd day of July, 2013.

_____
BERNERD JACQUES

STATE OF TENNESSEE
COUNTY OF KNOX

Before me, a Notary Public of the County and State aforesaid, personally appeared BERNERD JACQUES, personally known to me, and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

Sworn to and subscribed before me this 23rd day of July, 2013.

_____
NOTARY PUBLIC
My Commission Expires: 2/27/16

[Notary Seal: BEVERLY T. BOYD, STATE OF TENNESSEE NOTARY PUBLIC, SEVIER COUNTY]

*Submitted for Plaintiff Bernerd Jacques*

BY: _____
GEORGE UNDERWOOD, Esquire
Underwood Law Office
Twelve Oaks
5401 Kingston Pike, Suite 520 B
Knoxville, TN 37919
(865) 450-9819 (phone)
(865) 450-9822 (fax)

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Bernerd Jacques<br>3611 Fulton Road<br>Corryton, TN 37721 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2012-00123 | Deborah K. Walker,<br>Supervisory Investigator | (615) 736-2109 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years** before you file suit may not be collectible.

On behalf of the Commission

_Sarah L. Smith_
Sarah L. Smith,
Area Office Director

APR 3 0 2013
*(Date Mailed)*

Enclosures(s)

cc: **KNOXVILLE COUNTY SCHOOLS**
Attn: Ms. Rebecca W. Owens
Director, Benefits & Employee Relations
P.O. Box 2188
912 South Gay Street
Knoxville, TN 37901

## COST BOND SURETY

We hereby acknowledge ourselves as principal (Bernerd Jacques) and as surety (Attorney George Underwood) for the costs of this cause to the extent required by law.

Respectfully submitted this 26th day of July, 2013.

George T. Underwood, Jr., BPR #013077
Attorney for Plaintiff
Underwood Law Office, P.C.
5401 Kingston Pike, Suite 520B
Knoxville, TN 37919
Telephone: (865) 329-6983
Facsimile: (865) 450-9822